GEORGE A. LAMB, Defendant in Error, *vs.* HERBERT O. TOMLINSON *et al.* Plaintiffs in Error.

*Opinion filed· December 17, 1913—Rehearing denied Feb. 4, 1914.*

1. PRACTICE—*when the Supreme Court can only pass upon the questions raised by propositions of law.* In a suit at law coming through the Appellate Court the Supreme Court can pass upon questions of law only, and if the case was tried by the court without a jury such questions must be raised by propositions of law, or findings of fact from which a conclusion of law would follow.

2. ILLEGAL CONTRACTS—*courts will not aid parties to an illegal contract.* If the contract of the parties engaged in the business of selling so-called *de luxe* editions of books is contrary to good morals and public policy, the courts, both law and equity, will decline to aid the parties in recovering from their confederates the profits· gained in their nefarious transactions.

3. SAME—*what is not ground for refusing to allow recovery of commissions.* The mere fact that fraud was practiced by the plaintiff in a particular sale of books does not defeat his right to recover commissions· from the defendants, where the matter was settled with the purchaser and the commissions allowed only on the basis of the settlement; nor does the fact that the plaintiff, after another sale and a rupture of the relations between the parties, cast discredit upon the sale but without injuring the defend-· ants, who received the purchase price in full, prevent the plaintiff's recovery of commissions on such sale.

4. ASSUMPSIT—*what cannot be recovered in assumpsit.* The interest of the plaintiff in certain books taken in exchange for other books, and which have not been converted into money or money's worth, cannot be recovered by him in an action of assumpsit to recover his share of profits and commissions on the transactions.

WRIT OF ERROR to the Branch· "B" Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. JOHN H. HUME, Judge, presiding.

FRANK L. DELAY, for plaintiffs in error.

F. W. BALCOMB, (CHARLES D. MCGRATH, of counsel,) for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

George A. Lamb, the defendant in error, brought suit in assumpsit in the municipal court of Chicago against Herbert O. Tomlinson and William Y. C. Humes, doing business as Herbert O. Tomlinson & Co., plaintiffs in error, to recover a share of the profits and commissions on sales of books as agent for them. The defendants filed pleas of the general issue and set-off, and on the trial disputed many of the items claimed by the plaintiff, and also gave evidence tending to prove that the contract on which a recovery was sought was illegal. The trial was by the court without a jury, and plaintiff's claims to the amount of $16,580.89 and the defendants' set-off to the amount of $9416.68 were allowed. Judgment for the plaintiff for $7164.21 was entered. On appeal to the Appellate Court a *remittitur* of $4187.90 was required and the judgment was affirmed for the balance. The record has been brought to this court by writ of *certiorari*.

The evidence showed that the plaintiff and defendants entered into a nefarious scheme to prey upon the public by inducing persons to purchase what is known as *de luxe* books. They agreed that the plaintiff, Lamb, was to act as forerunner, the defendant Humes as salesman and the defendant Tomlinson as financier; that the plaintiff was to visit a prospective customer, cultivate his acquaintance and bring him to a state of mind where he would be willing to buy when the opportunity offered; that the plaintiff was to conceal his relation to the transaction, and when the customer was in the proper state of mind the defendant Humes was to appear and get the order. The plaintiff testified that he was to find the buyer and cultivate him, calling on him perhaps a dozen times without a sample and making no effort to make a sale and to find out by that means what his taste was, and his testimony was that if his preliminary

.work was well done the actual sale was a formality, which a grocer's clerk or a linen-draper's assistant could do. The grounds for a. reversal of the judgment of the Appellate Court are, that the plaintiff was allowed to recover commissions on sales to two customers who were induced to purchase through his fraud, and that the trial court refused propositions of law that he could not recover on such sales. The Appellate Court concluded that the methods of dealing with customers apparently adopted in the transactions, justified the belief that neither party would have resorted to a court of equity for a division of the profits therefrom. The Appellate Court, however, ignored that feature of the case and affirmed the judgment, except as to the value of books on hand which had not been disposed of.

The only questions subject to review in this court are questions of law, and in a trial before the court without a jury they can only be raised by propositions submitted to the court to be held or refused. The propositions which the trial court refused to hold were, that the plaintiff was guilty of fraud in his dealings with Mrs. George White leading up to a sale to her, and that the plaintiff, after a sale to Mr. DeBuys, had thrown discredit upon the sale. The evidence concerning the sale to Mrs. White was, that the plaintiff told her he would like to have an option on a particular set of Shakespeare, and suggested that she should purchase it and then he would know where he could get it when a requisition for it came; that he avoided calling on Labor day for fear her husband might be at home; that he induced her to buy the Shakespeare for a re-sale at a profit; that as a result of his management and strategy she bought from the defendant Humes a copy of the Shakespeare for $8500, a copy of Scott for $3900 and a set of Dickens for $4500, making a total of $16,900, on which a credit of $1400 was allowed for books taken in exchange; that after Mrs. White made the purchase she wrote to the plaintiff that she had succeeded in getting three sets of

books and would let him have the Shakespeare for $20,000, and that he wrote to Tomlinson complaining of her desire to make so much profit, and saying that he did not care for the loss of the money but was losing his faith in human nature. Mrs. White afterward employed an attorney, and all but $4000 of the order was canceled and her notes above that amount surrendered. In the case of DeBuys a few sets of books were sold to him for $19,000, including a set of Roosevelt which cost $600 and was sold to DeBuys at $6600. There was trouble about the sale of the Roosevelt set because the autograph was fraudulent, and after a quarrel with the defendant Humes plaintiff made some trouble about it. The matter was adjusted and DeBuys paid the whole purchase price of the books.

If the contract and the agreement of the parties was as contended by the defendants it was contrary to good morals and public policy, and the court would not aid either of the parties but leave them where it found them. The courts are instituted to administer justice and promote good morals and public policy, and they close their doors against parties engaged in illegal and immoral transactions seeking to recover from their confederates profits which have been gained, and the rule is the same at law as in equity. (*Kirkpatrick* v. *Clark*, 132 Ill. 342.) In the state of the evidence the defendants would have had a right to have the court pass upon a proposition of law based upon a hypothesis of fact sustaining their claim or to a finding of fact as to the nature of the contract and scheme from which a conclusion of law would follow, but the propositions which the court refused to hold were not of that nature. The mere fact that fraud was practiced in a particular sale to Mrs. White, where the matter was afterward settled and a commission was only allowed on the basis of the settlement, and the fact that after the sale to DeBuys and a rupture of the relations between the parties the plaintiff cast discredit on the sale but did not injure the defendants, who

received the purchase price in full, would not establish the illegality of the contract nor justify the court in refusing to allow the commission. The court therefore did not err in refusing to pass on those propositions.

The Appellate Court was right in requiring a *remittitur* of the amount allowed to the plaintiff for books taken in exchange which were not disposed of. They had not been converted into money or money's worth, and there could be no recovery in an action of assumpsit for the value of the plaintiff's interest in the books.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*