## Henry D. Laughlin, Appellant, v. J. Brooks Johnson, Appellee.

### Gen. No. 28,072.

CONTRACTS—*contract to give perpetual proxy to vote corporate stock void as against public policy.* An agreement by the owner of stock in a corporation to give plaintiff an irrevocable proxy to vote such stock during the period of plaintiff's life, or as long as he continues interested as a stockholder in such corporation, is void as against public policy; and a directed verdict against plaintiff in a suit for damages for breach of such contract was proper.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. ADAM C. CLIFFE, Judge, presiding. Heard in the first division of this court for the first district at the October term, 1922. Affirmed. Opinion filed June 25, 1923.

MONTGOMERY, HART & SMITH, for appellant; FRED B. SILSBEE, of counsel.

TENNEY, HARDING & SHERMAN, for appellee; HARRY A. PARKIN and HENRY F. TENNY, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

This is an appeal by plaintiff from an adverse judgment upon an instructed verdict in an action brought for damages for an alleged breach of contract between plaintiff and defendant.

The complete contract involved an extensive deal in real estate and stock, which it is unnecessary to narrate as the issue in this case involves only one feature of the agreement. It was agreed that plaintiff, as part of the consideration, should turn over to defendant 50 shares of his stock in the Northern Hotel Company, an Illinois corporation in Chicago, plaintiff, however, reserving the right to vote said shares at future meetings of this company. Also, defendant

agreed to give plaintiff the right to vote 300 shares of stock in the Northern Hotel Company then owned by defendant and undertook to give plaintiff a proxy to vote these 350 shares of stock provided that "such right in Laughlin shall continue throughout the period of his natural life, or he continues interested as a stockholder of said Hotel Company."

Plaintiff alleged in his declaration that defendant had breached said agreement by refusing to execute the necessary power of attorney securing such rights to the plaintiff and that, by reason of defendant's failure and refusal to comply with this agreement, plaintiff had lost his right to vote said 350 shares of stock in said hotel company and had suffered damages by reason thereof in the sum of $10,000.

Upon the trial plaintiff sought by a number of witnesses to prove what was called the voting value of the stock of the Northern Hotel Company apart from the value of the stock itself. Objections to this class of testimony were sustained. At the conclusion of plaintiff's case, upon motion, the court instructed the jury to find for defendant. Upon such a verdict it was adjudged that plaintiff take nothing.

A number of points are presented in support of the judgment, but it is only necessary to note one of paramount importance. The contract to give plaintiff a perpetual proxy to vote the shares of stock of the Northern Hotel Company, an Illinois corporation, while the ownership was in the defendant, was void as against the public policy of this State, and courts will not enforce such a contract.

The reason for this rule is that such a contract would tend to give the proxy power to control the property according to his own exclusive discretion so that the real owners are entirely divested of control or any participation therein. The law contemplates that a corporation shall be controlled by its stockholders acting through directors elected by them

in person or by proxy, and they cannot be deprived or deprive themselves of this power. They cannot evade the duty imposed upon them by law. The stockholder may refuse to vote at a stockholders' meeting, but he cannot indefinitely deprive himself of the power to do so. Among the cases establishing this as the law of Illinois are: *Luthy v. Ream*, 270 Ill. 170; *People v. Emmerson*, 302 Ill. 300; *Smythe's Estate v. Evans*, 209 Ill. 376; *Lamb v. Tomlinson*, 261 Ill. 388.

The contract in question undertook to give plaintiff a right for life to vote the stock of the defendant and contemplated an irrevocable proxy for this purpose. Such an agreement is void under our law.

The contract upon which plaintiff sues being wholly void as against public policy, there can be no liability for a breach of the same. Plaintiff therefore cannot maintain this action. The peremptory instruction to the jury to find for the defendant was proper and the judgment is affirmed.

*Affirmed.*

MATCHETT and JOHNSTON, JJ., concur.